**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA MAGDALENA FUENTES REYES, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 18-73434 <br><br> Agency No. A206-695-229 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 24, 2020
San Francisco, California

Before: GOULD, CHRISTEN, and BRESS, Circuit Judges.
Concurrence by Judge BRESS

Maria Magdalena Fuentes Reyes ("Fuentes") petitions for review from the

decision of the Board of Immigration Appeals ("BIA") dismissing her appeal of

the Immigration Judge's ("IJ") decision denying her claims for asylum,

withholding of removal, and protection under the Convention Against Torture

("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Where the BIA conducts its own review of the evidence and law rather than adopting the IJ's decision, our review is limited to the BIA's decision. *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006). With respect to Fuentes' asylum and withholding claims, we review only the BIA's decision. Where the BIA adopts the IJ's decision and provides additional reasoning, we review both decisions. *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014). With respect to Fuentes' CAT claim, we review both the BIA and the IJ decisions. Reviewing questions of law *de novo* and factual findings for substantial evidence, *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc), we grant in part and deny in part the petition for review.

Fuentes is a native and citizen of El Salvador. In El Salvador, she lived with her partner William Benjamin Membreno. Membreno physically and emotionally abused Fuentes, including one occasion in which he brandished a gun at her. After she escaped Membreno's abuse and unlawfully entered the United States, Fuentes sought asylum and withholding of removal based on her membership in the particular social group of "El Salvador women unable to leave a domestic relationship."

The BIA did not analyze Fuentes' proposed social group. Instead, the BIA summarily concluded that "[i]n light of *Matter of A-B-*, [27 I. & N. Dec. 316 (A.G. 2018)] . . . the respondent's claimed particular social group is not cognizable."

*Matter of A-B-* requires a "rigorous analysis . . . in determining asylum claims, especially where victims of private violence claim persecution based on membership in a particular social group." 27 I. & N. Dec. at 340. Pursuant to our opinion in *Diaz-Reynoso v. Barr*, No. 18-72833, __ F.3d __ (9th Cir. 2020), we grant the petition for review in part and remand to the BIA for further consideration of Fuentes' asylum and withholding claims.

Substantial evidence supports the BIA's decision that Fuentes is not eligible for CAT protection. Fuentes has not shown that it is more likely than not that, upon her return to El Salvador, she will be tortured by or with acquiescence from public officials or others acting in an official capacity. 8 C.F.R. § 208.18(a)(1); *Singh v. Whitaker*, 914 F.3d 654, 662–63 (9th Cir. 2019). We deny the petition for review in part with respect to Fuentes' CAT claim.

**PETITION GRANTED IN PART AND DENIED IN PART.**

*Fuentes Reyes v. Barr*, No. 18-73434

Bress, Circuit Judge, concurring in the judgment:

For the reasons stated in my dissenting opinion in *Diaz-Reynoso v. Barr*, No. 18-72833, — F.3d — (9th Cir. 2020), I believe the petition for review in this case also should be denied. But because *Diaz-Reynoso* is now circuit precedent, under *Diaz-Reynoso* I am compelled to grant the petition in this case as to the asylum and withholding of removal claims. I also agree that the petition should be denied as to petitioner's Convention Against Torture claim.